IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Leanora Nelson; Jean Nelson Lumsby; and Selena Nelson Cecchini, as Rosalind Nelson's Natural Daughter and Heir at Law,<br><br>     Plaintiffs,<br><br>vs.<br><br>Levy Center, LLC,<br><br>   Defendant/Third-Party Plaintiff,<br><br>vs.<br><br>The Law Offices of Horace Jones, Esq.; Horace Jones; and The Wilcy R. Nelson Family, LLC,<br><br>   Third-Party Defendants. | Civil Action No. 9:11-1184-SB-BHH<br><br>**REPORT AND RECOMMENDATION** |

  This matter is before the Court on the defendant's motion for summary judgment. [Doc. 53.] The plaintiff has responded. [Doc. 67.]

  At the defendant's instigation, and for the benefit of the plaintiffs' ability to effectively prosecute their case here, the Court previously had entered a stay of all scheduling deadlines. That stay was justified for the pendency of a motion to set aside a Final Order of Partition in Kind, filed by the plaintiff's in the underlying state court action to this case. It is undisputed that the motion has now been denied by the state court and that the plaintiff's state court appeal of that denial has been dismissed. [See Docs. 85-1, 100-1.] Accordingly, the undersigned recently lifted the stay. [Doc. 107.] It is worth noting that the state court rejection of the plaintiff's challenge to Final Order was based on timeliness and equitable considerations that did not actually consider the merits of the plaintiff's objections

against any of the relevant entities or individuals, including the defendant in this case. [See Docs. 85-1, 100-1.]

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

## BACKGROUND

The plaintiffs have alleged that one or more of them hired attorney Horace Jones, Jr. to quiet title on certain heirs' property in Jasper County, South Carolina. (See Compl ¶ 16.) Indeed, Jones completed a quiet title action for the plaintiffs, in which five parcels were titled in the name of an entity, designated, The Wiley R. Nelson Family, LLC. (See Def. Exs. 1-3.) In the Final Order of Partition in Kind, the Special Referee appointed by the Jasper County, South Carolina Court of Common Pleas, quieted title to the five parcels in the name of the following individuals:

• Leanora Nelson;

• Rosalind Nelson;

• Jean Nelson Lumsby;

• Henry Harris; and

• Quanta Gibbs.

(Def. Ex. 3.) Based on the quitclaim deeds presented to the Court, the Special Referee ordered that title to the five parcels be titled in the name of The Wiley R. Nelson Family, LLC, an entity that is purportedly owned by the three plaintiffs, Henry Harris and Quanta Gibbs. *Id*. The plaintiffs deny that any such entity properly exists. By deed recorded in September 22, 2005, The Wiley R. Nelson Family, LLC deeded three of the parcels to Defendant Levy Center, LLC:

• Tax Map Number: 039-00-11-001;

• Tax Map Number: 039-00-11-002;

• Tax Map Number: 039-00-10-006.

(See Def. Ex. 4.)  This is the deed the plaintiffs have asked the Court to set aside.

The plaintiffs claim that their quitclaim deed to The Wiley R. Nelson Family, LLC was unauthorized. (See Compl. ¶ 16.)  Further, the plaintiffs appear to specifically claim that the creation of The Wiley R. Nelson Family, LLC was unauthorized.  (See Amend. Local Rule 26.03 Disclosures ¶¶ 6, 17.). Finally, the plaintiffs claim that they do not know Henry Harris and Quanta Gibbs. *Id*. ¶ 7.  The defendant admits that it is clear that the plaintiffs did not directly deed the property to it.

The defendant has filed an answer and third-party complaint against, among others, The Wiley R. Nelson Family, LLC.  The Wiley R. Nelson Family, LLC has not appeared.

## **APPLICABLE LAW**

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or  "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law.  As to the first of these determinations, a fact is

3

deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## **DISCUSSION**

On summary judgment, the defendant has made only two procedural arguments. And, while there are a variety of concerns with the ultimate plausibility of the plaintiff's case, here in federal court, the undersigned would only consider what has been proposed. First, the defendant contends that the plaintiffs do not have standing to sue because they are not named individuals on the deed at issue in this case. Second, the defendant contends that the plaintiffs have failed to join two necessary parties, Henry Harris and Quanta Gibbs.

Respectfully, the arguments miss the point.

It is true that the plaintiffs must have standing to institute an action. Whether a party in federal court has standing to maintain an action is a question of federal, not state law. *Phillips Petrol. Co. v. Shutts*, 472 U.S. 797, 804 (1985) (holding "[s]tanding to sue in any

Article III court is, of course, a federal question which does not depend on the party's prior standing in state court."); *White v. National Union Fire Ins. Co.*, 913 F.2d 165, 167 (4th Cir.1990) (holding "[f]ederal standards guide the inquiry as to the propriety of declaratory relief in federal courts, even when the case is under the court's diversity jurisdiction.").

To have standing to bring a claim, a plaintiff must have a "sufficient personal stake in the outcome of a dispute to render judicial resolution of it appropriate." *Emery v. Roanoake City Sch. Bd.*, 432 F.3d 294, 298 (4th Cir.2005) (internal quotation marks omitted). The United States Supreme Court has held that to satisfy the constitutional standing requirement, a plaintiff must demonstrate: (1) that he suffered an injury of fact, defined as an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection, which requires a "fairly traceable connection" between the plaintiff's injury and the conduct of which he complains; and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61(1992).

Without any specific citation in support, the defendant contends that to have an actionable interest, here, the plaintiffs must actually have been party to the deed at issue in this case. And, the plaintiffs were not parties to the deed they seek to set aside. But, such is their entire objection. They contend that the Wiley R. Nelson Family, LLC, was not an authorized party able to quiet the deed; is a fraudulent organization; and was fraudulently deeded the property. Indeed, the entire point of the lawsuit is that the plaintiffs' rights in the deed have been illegally robbed. It would be some cruel and infinite loop of legal obligation were they required, in order to have standing, legal title in a property for which they claim their legal title was denied. They have alleged a concrete injury to their rights in the property, which is not speculative, and which they claim is causally related to the conduct of the defendant's knowing participation in a fraudulent scheme. *See Citizens*

*for a Better Env't*, 523 U.S. at 103.  Although not squarely on point, it appears that other courts have agreed that standing may exist in a property interest even where title is imperfect or absent.  *See Wiseman v. First Mariner Bank*, 2013 WL 5375248, at *19 (D. Md. September 23, 2013); *Mulherin-Howell v. Cobb*, 608 S.E.2d 587 (S.C. Ct. App. 2005).

In the same sense, the Court disagrees that the plaintiff's should be required to join a Henry Harris and Quanta Gibbs, individuals whose signatures were allegedly forged and whose presence as members of The Wiley R. Nelson Family, LLC is also claimed to be fraudulent.  In other words, the plaintiffs are claiming these individuals literally have no interest to protect here in federal court, as improperly designated members of a corporate entity that ostensibly does not exist. [Doc. 67 at 1, Ex. 2.] Indeed, the plaintiffs contend that those individuals themselves are unknown or do not exist.  [Docs. 38 ¶ 7; 67-4 at 3-5; 85-1 at 3.] And, the defendant has been unable to locate any such individuals. [Doc. 53 at 2, n.1.]

> Under Federal Rule of Civil Procedure 19(a)(1),
>
>> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>>
>>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>>>
>>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>>
>>>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>>>
>>>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).  Gibbs and Harris might reasonably meet this test.  *See In re Lilley*, 2011 WL 1428089, at *6 (Bkrtcy. M.D.N.C. April 13, 2011).  But, the Complaint in this case frames their interest as nothing more than fraudulent and their existence, at best, dubious.

The defendant has done nothing to this point to raise issues of fact to the contrary. It seems a kind of exercise in circuity to demand that the plaintiffs join individuals whom they do not believe exist to litigate interests this lawsuit fundamentally rejects they have.

If the defendant upon further investigation would like to renew its motion for summary judgment based on evidence that such individuals can reasonably located and joined, it may. Otherwise, the Court will not further delay this action for more uncertainty. The point of the plaintiffs' entire lawsuit is that Harris and Gibbs are fundamentally unnecessary.

And, of course, the plaintiffs would never, themselves, appear as the Wiley R. Nelson Family, LLC, as the defendant proposes, because the plaintiffs dispute its propriety and any legal relationship to it.

## **CONCLUSION**

Wherefore, based upon the foregoing, it is hereby RECOMMENDED that the defendants' motion for summary judgment [Doc. 53] be DENIED.

IT IS SO RECOMMENDED.

                                             s/Bruce H. Hendricks
                                             United States Magistrate Judge

March 19, 2014
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).